CONOLEY and McQUIGG *v.* W. M. HARRISS.

Where an Act of the General Assembly authorized the election, in Town-
ships containing cities and towns, of a larger number of Justices than
*two,* (Const., Art. VII, s. 5,) all such justices are members of the Town-
ship Board of Trustees.

CONTESTED ELECTION, tried before *Russell, J.,* at Spring
Term 1870 of NEW HANOVER Court.

An Act of Assembly authorized *six* Justices to be elected
in the township including Wilmington; and upon a contest
occurring as to which of these composed the Board of Trus-
tees for such township, the County Commissioners decided
that the two elected for the township at large (the plaintiffs)
were such Board.   Thereupon the defendant appealed to the
Superior Court.

His Honor thereupon gave judgment for the defendant,
without prejudice to the rights of the plaintiffs; and the
plaintiffs appealed to this Court.

*Attorney-General,* for the appellants.
*No counsel, contra.*

RODMAN, J.   The County Commissioners of New Han-
over, under the power given them, by ch. 185, Acts 1868–'69,
p. 478, s. 8, to decide in all cases of contested elections of
township trustees, subject to an appeal to the Superior Court
of the County, decided that McQuigg and Conoley were duly
elected Justices of the Peace for the township of Wilmington,
and that they, with the Clerk elected, should constitute the
Board of Trustees for said township, to the exclusion of the
other Justices elected with them.   From this decision, Har-
riss, who had also been elected a Justice, appealed to the
Superior Court. The Judge there decided that Harriss was

a Justice for the township, and as such was a member of the Township Board of Trustees, without prejudice to the right of McQuigg and Conoley also to act as Trustees. From this decision McQuigg and Conoley appealed to this Court.

The decision of the Judge can only be founded on the opinion that all of the six Justices of the Peace elected in Wilmington township, together with the Clerk, constituted the Township Board of Trustees. We think his opinion was correct. Art. VII, sec. 5 of the Constitution provides that two Justices of the Peace and a Clerk shall be biennially elected in each township, and shall constitute a Board of Trustees. But it further authorizes the General Assembly to provide for the election of a larger number of Justices of the Peace in cities and towns, and in those townships in which cities and towns are situated. The clear inference from this is, that where a city is part of a township, and when by virtue of any act of the Legislature a greater number of Justices shall be elected for the township, all of them shall constitute the Township Board of Trustees. By the act above referred to (Acts 1868–'69, ch. 185, s. 4,) the Legislature enact that, in every township in which any city or town is situated, the number of Justices elected shall be two more than the number of wards in such city or town, &c. All the Justices duly elected in and for the township of Wilmington by virtue of that act, constituted, with the Clerk, the Board of Trustees. The case omits to state into how many wards the city of Wilmington is divided, or whether it is divided into wards at all. We assume, however, that the number of Justices was the number to which the township was entitled under the act.

The decision of the Judge is affirmed. Harriss will recover his costs in this Court.

PER CURIAM. Affirmed.